# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV35 RWS |
| | ) | |
| CITY OF CAPE GIRARDEAU, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of John Skinner (registration no. 1069523), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #4]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $8.50, and an average monthly balance of $0.48. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights while he was a misdemeanor arrestee at the Cape Girardeau City Jail. Named as defendants are the City of Cape Girardeau (the "City"), the Cape Girardeau Police Department (the "Department"), and multiple unknown police officers and supervisors. Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that in 2002 he called the Department to report an armed robbery that occurred at his apartment. Upon arrival, an officer asked plaintiff's permission to search the apartment. Plaintiff consented to the search. Plaintiff was eighteen years old at the time, and the officer found several bottles of alcohol in the

apartment. The officer charged plaintiff with being an underaged person in possession of alcohol, a misdemeanor, and took him to Cape Girardeau City Jail.

After processing plaintiff, an officer ordered him to submit to a strip search. Plaintiff alleges that he attempted to refuse the strip search but that the officer threatened to call in several other officers if necessary to conduct the search. Plaintiff claims that the search was very thorough. After the search, plaintiff put his clothes on and was taken to a single-man cell.

When put in the cell, plaintiff asked permission to make a phone call; the officer denied the request. Plaintiff then told the officer that he had medical problems and took anti-psychotic medications and asthma medications. According to plaintiff, the officer then stated, "Oh, you're crazy? We got a special cell for y'all! Strip!" Plaintiff claims that he was again threatened with the possibility of several officers forcibly removing his clothing, and he submitted to the order.

Plaintiff states that he was then forced to walk naked through the jail past several occupied cells; several inmates insulted plaintiff or made sexual comments to him. The officer then put plaintiff in a padded cell with no lights, no running water, no bedding, and no way to contact an officer in case of emergency. Plaintiff alleges that he remained in the cell for three to four hours until his father picked him up.

Plaintiff alleges that a policy or custom of the City was responsible for the alleged violations of his constitutional rights.

## Discussion

Plaintiff's allegations against the City and the unknown police officers and supervisors survive initial review under 28 U.S.C. § 1915(e)(2)(B) and will not be dismissed at this time. Although there is not enough information to identify the unknown police officers and supervisors at this time, plaintiff should be given the opportunity to learn their identities through discovery. As a result, the Court will order the Clerk to serve process or cause process to issue as to the City of Cape Girardeau.

Plaintiff's allegations against the Department are frivolous because the Department is not a suable entity under § 1983. <u>Ketchum v. City of West Memphis, Ark.</u>, 974 F.2d 81, 82 (1992). Consequently, the Court will dismiss plaintiff's claims against the Department.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to

make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to the City of Cape Girardeau.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), the City of Cape Girardeau shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's claims against the Cape Girardeau Police Department are **DISMISSED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 27th day of April, 2007.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE